Good morning, Presiding Judge Callahan, and may it please the Court. My name is Tom Phelan. I'm here from Mr. Mike Sanders. I'd like to cover three areas, time permitting, and reserve three minutes if I can for rebuttal. The gateway question I think that the panel needs to address is the failure to review the record by the magistrate and the district judge. And factually, the portions of the record that were brought forth for review include the following. The transcript of the proceedings on August 26th, 98, September 16th, 98, September 17th, 98. I'm not sure if that's the case. Well, okay. Let me just ask you this just so that I'm clear on this. Yes. There doesn't appear to be any evidence that the district court failed to independently review the portions of the State court record that are included in the habeas record. Is that correct? I would assume that that is true. And nor does Mr. Sanders contend that the district court failed to examine the habeas record, but rather what he maintains is that the habeas record was inadequate. But it also seems that his issue on Sanders' issue with the habeas record is that it's therefore different than what the COA panel certified. Well, I don't see the conclusion that you come to, Judge Callahan. Well, I'm kind of asking if that's what I'm questioning. What is it that — what is there out there that should have been reviewed that is going to give you relief? Well, sure. That jumps me into, I think, the salient arguments. And there are two, actually three. Well, before you jump away from this, the failure to review. Yes. If you're not — you're not arguing that there was a failure to review what was presented to the court. Yes, that is correct. So therefore, there was a failure to review something else. Yes. There was a failure to review, I would guess, 90 to 95 percent of the State court record, which included all of the salient rulings that underlie all of the claims that are before the court. It's not de minimis. Those portions of the record that were brought forth for the district court to review were at the margins at best. The first set of transcripts that I mentioned were the hearing on the shock belt. The second — No, well, I'm not sure. I still — so those portions of the transcript were not, what, produced by the State? Correct. And so what do we do with that fact? Do you win? Well — Or do we look to see what it is you are claiming would be shown in that record and determine whether or not that would amount to a violation under the standards that we have to apply? Well, I think there are two good answers. One is I would ask for a narrow procedural ruling, and that is a remand of the case with an order to the district court to bring forth those portions of the record that Mr. Sanders repeatedly requests to be brought forth and examine them in light of the claims that he made. The other answer is if this Court, based upon its review of the inadequate record, finds that one or another — No. Well, let me just ask you this. Yes. What authority is there that the district court has to — is required to order the entire record when it is reviewed the contentions that are made and concludes that they are without merit? Well, many of the cases are cited in the COA by the panel that ordered it. But the other cases that require it are numerous and very specific from this circuit and from the United States Supreme Court. The leading United States Supreme Court is Jennings v. Reagan, a 1959 case. At 358 U.S. 276, where it says, It appears from the record before us that the district court dismissed petitioner's application without making any examination of the record. Instead, simply relied on the facts and conclusions stated in the opinion of the Supreme Court of Illinois. We think that the district court erred in dismissing the petition without first satisfying itself, et cetera, et cetera. And the case law in the circuit is equally deep and wide. Jones v. Wood from 1997, Turner v. Chavez, Vicks v. Bunnell, which is a jury instruction-focused claim. Since you're intimately familiar with the record, what have you identified that would have made a difference? Sure. I'm happy to tell you. Is it before us? Yes, it is. All of the complete defense claims rely on evidentiary rulings made by the state court that were used to prevent Mr. Sanders from, in our view, exercising his constitutionally protected right to mount a complete defense. I'll give you an example, and this is just by way of an example. The judge ruled, for reasons we do not know because we do not have the record, that there was a material difference between police officer standards for effectuating a high-risk fugitive arrest in a home invasion context and those procedures used by a reasonable bail enforcement agent. As a result of that relevancy ruling, the record of which we do not know. Well, I don't think you have to be a rocket scientist on that. High-risk police entrances are accompanied by a search warrant. That wasn't the issue in question. The issue in question was the reasonableness of that highly violent, very dangerous behavior. It's not a question of whether or not they had colorable legal authority to begin that. The question was, what do reasonable SWAT officers do in a house that is fortified, filled with methamphetamine-fueled Aryan Brotherhood inhabitants? Well, I guess I'm seeing an apples and oranges. You know, I guess this is all sort of intertwined, because all of the arguments that you're making. And many of Mr. Sanders' claims relate to his right to enter the Windsor House and the level of care that he used in the house. And so, but I'm wondering, given the fact that he was convicted of burglary and felony murder, as opposed to the alternative charge of second-degree murder, how are any of these claims of error even prejudicial? Because, in other words, the jury found that he entered the house. They couldn't have come up with a verdict that they came up with if they didn't find that he entered with the intent to burglarize it and that the predicate that was the predicate felony for the felony murder conviction. So I really, I'm wondering, how does the level of care matter? Because they found he entered to do a burglary. If they hadn't believed that, let's say you put all that evidence in, if they didn't believe that he entered to do a burglary, then you've got, if they had maybe found the alternative second-degree murder or something, we're looking at something different. But here they found they had to find he entered to do with the intent to commit a burglary. So it wasn't a bail thing, and it wasn't a high-risk SWAT entry. Okay. You asked me to... I know, but it's all tangled up here. I know. This is a difficult, trying case with an enormous record, and I've struggled with it for a couple of years. But I have some clarity, and I'd like to share it with you. Okay. What I had originally just argued was that we don't know what the basis was because we don't have the record for the judge's determination that police tactics in making a forcible entry in a fortified home differed materially such that their testimony would not have been relevant to how Mike Sanders entered the house. What you raise is... But if he's convicted of he entered to commit a burglary... Right. I understand. And I was going to address that. It's for apples and oranges. Not really. Judge, the jury didn't find that he illegally entered the house. They were instructed that he did. And the reason they were instructed that he did is because the judge found that the governing bounty hunter statutes and rights of private citizens to make an arrest did not apply as a matter of fact to the circumstances of this case and therefore instructed the jury that Mr. Sanders was in the house illegally. From that deprivation of a right to a trial by jury by instruction on an element of defense... That's too far for me, and I want to clarify the record. Now, did your client testify at the trial? No. All right. And the reason he didn't, and we raise this in our habeas petition, is that he was shock-belted also, we think, contrary to clearly established federal law, and therefore was forced to make a decision based on something that was fundamentally unfair. So was there any evidence in the trial that he went in there to get Alcantara? Absolutely. Absolutely. But where did that evidence come from, if it wasn't from... First, Mr. Brackney, no, two police officers testified that Mr. Brackney, prior to the entry of the house, phoned them and told them that a team of bail enforcement agents was about to make entry at the house. Second, there was evidence in the record that Mr. Brackney and Mr. Tims both shouted, bail enforcement agents, bail enforcement agents, before entering the house. So I guess, and then I know Tims went the other way. Right. He kind of went backwards. But when the case was argued to the jury... Yes. ...did defense counsel argue that this was a bail entry? The instruction claims are ineffective assistance of counsel claims. No, but what was argued? So no. What did the defense argue? Well, yes, that counsel, sure, the entire defense was that this was a legitimate bail enforcement operation that went horribly wrong. Okay, but I guess what I'm saying, if the jury had believed that, regardless of what the instructions were, that the prosecution took the view that it was a burglary, a flat-out burglary, and that that was just a cover story, and I guess they relied on, I think it's Tims or whatever. Right. The defense argument was, no, this was a bail enforcement thing. Yes. But the jury convicted him of the burglary as the predicate for the felony murder. But they were instructed he was in the house illegally by the judge. The judge ruled as a matter of State law that his argument was not valid. Well, he ruled as a matter of... That's the way I see it. He ruled as a matter of... Is that the bottom line? No, Judge, with due respect. He had to have operative facts that he applied to the statute, and those operative facts are not in the record, because the record of any hearing on whether the various things that Brackney's calling police officers, telling them that it's going to be a bail enforcement operation, Andy Hill telling Mr. Tims that he had recently seen a man in the house who he thought was Victor Alcantar. Mr. Tims and Mr. Brackney both saying that when they effectuated an entry, they were complying with legitimate bail enforcement procedures. Testimony in the record that Mr. Alcantar had three active arrest warrants. All this is in the record, and they're tintillating aromas of it only from the pleading. We don't know, and we cannot examine. But the judge didn't say your client was guilty of burglary to the degree. He said it was illegal for him to go into the house. He said he was not there legally, therefore... Right, it was not a bail. He was not legitimately entitled to claim that it was a bail operation, because it wasn't. That might be the context... Under the state law. From which the judge said explicitly he had no right to be in the house. So he had no right. Which means he directed a verdict on felony murder. There was another charge, too, that the jury didn't find as a predicate offense. What was that? Wasn't there some other? I think Mr. Sanders was convicted on all counts, except for the lesser included. If you consider second-degree murder lesser included of felony murder, which it's not. But he was convicted of all the counts at their maximum severity. I'd like to go back to first principles. Mr. Sanders might not be entitled much, but he's entitled to review under the dictates of the AEDPA. And even 2254d-1 requires this Court to make a determination, and forgive me if I read because it's so hard, to make a determination that if the State court applied or identified the correct controlling law, but applied the facts to it, materially different facts or materially identical facts, then 2254d-1 is implicated. 2254d-2 clearly is a requirement of this Court to, if we allege that the facts as adduced in the State court record are not reasonably supported by the record, then he's entitled to relief. And that's an intrinsic analysis, as Judge Kaczynski so elegantly laid out in Taylor v. Maddox. And that is to say, the reviewing habeas court really has to look at the State court facts and under 2254d-2, in an intrinsic analysis of the facts used, make a determination of whether the constitutional right was infringed in its application of State law. And in this case, there was a relevancy ruling. That's the application of State law. There was a finding that the habeas statute didn't apply. That's an application of State law. There was a determination that the statements of Brackney were not properly, the State didn't have the same motive to cross-examine him when he was on the grand jury stand, therefore it was precluded. That's a ruling of State law. And others. The question is, what did the judge have before him that allowed him to make those rulings? This Court can't just presume correctness like E-1 tells it it can unless and until it does its intrinsic review of the State court record in the first place. 2254e-1 talks about the burden I would have if I wanted to commence a Federal court with new facts. You know, I really, perhaps we should hear from the other side. But if you're, if the State law says that under certain circumstances, you can go into a house in order to capture someone. Yes. And the State judge says that those circumstances were not satisfied here. State law does not, even saying that everything that you say is true, that you went in there to capture somebody who was violating, had violated and failed to appear five years before, State law does not permit you to go into the house in those circumstances. How is that, how have your Federal rights been violated? Let me be very clear. 133892 privileges any private person in whose presence a felony has been committed to break into any building, any building. The State court agreed that that statute applied to bail enforcement agents because they're private citizens. So the only question is, did Mr. Sanders have a plausible argument that he believed that he knew Mr. Alcantara was in the house and believed in good faith that he was committing a felony in his presence? Those are facts. And the problem and the way I've styled the claim is, trial counsel failed to argue it that way in the trial court, and that's why that claim gets to you on an ineffective assistance of counsel claim. It's claims 18, 19, 20 and 21. What we say is, had counsel made that argument and had the judge listened to the facts, he would not have directed a verdict that the entry into the house was illegal, thereby assuring my client's conviction. I'm down to a minute and a half if I could reserve the rest of my time. Sure. Thank you. And if we think we need more time to ask you questions, we'll do so. Thank you. May it please the Court, my name is Scott Simon from the Arizona Attorney General's Office representing the State on this matter. Good morning. Good morning. Your Honors, I'd like to address some of the points opposing counsel made, but I'd first like to start with what I believe are three fundamental legal principles that I believe govern this case. The first, and I'm trying to put it within the context of the prism of a habeas review. First, it is not within the province of a Federal habeas court to reexamine a State court's interpretation and application of State law. Two, the United States Supreme Court has never squarely addressed whether a State's discretionary application of a State evidentiary rule violates a defendant's right to present a complete defense, and thus there is no clearly established Federal rule on this issue. And three, regarding Claims 722 and 23, Petitioner's claims regarding State interference in his confidential communications, Petitioner has failed to allege, let alone demonstrate, substantial prejudice, and thus these claims are without merit. With that said, I'd like to turn to the first issue that was addressed last week. Now, on the attorney-client recordings, those were after the trial? That is correct, Your Honor. Okay. It was post-verdict and Petitioner's claim is that it affected his post-trial and appellate process. Well, if, okay, so if from the standpoint you're basically saying that the things that appellant is complaining of, you know, really aren't the subject of Federal habeas because they're State, they're essentially State court's interpretation of their own rules in this bail bond situation. In 1997, under what circumstances could a bail bond agent consistent with Arizona law forcibly enter a third party's home to arrest a defendant who failed to appear? Under Arizona law, to be entitled to that instruction under 1338.92, there had to have been evidence in the record that, one, the person they were trying to locate was actually in the residence, two, that the person had committed a felony in the bail enforcement agent's presence. Prior to entering the home, the bail enforcement agents both had to announce their presence as bail enforcement agents and be refused entry into the home. And with all due respect to opposing counsel, there was absolutely no evidence whatsoever in the record to substantiate any of these factors. And that's reflected both in the Arizona Court of Appeals memorandum decision and both in the State court PCR rejection of his post-conviction relief petition, in which both courts found that there was no evidence in the record to support such an instruction. And I think it's important to point out, this failure or the trial court's instruction that the defendant was not entitled to enter the home, the third party's home, did not in any way direct a verdict against the defendant. A defendant was still able to put forth on a defense that he had a good faith belief that he was enacting a lawful bail absconder pickup. And his entire defense was he had no intent to enter the home as a burglary. That instruction is not relevant. So there was a second-degree murder option given to the jury. And I was exploring this with appellant's counsel on, so what is the relevance that he was convicted under the felony murder and burglary as a predicate when he was given the choice of second degree and they chose, they didn't find that to be the case? Because I think to get, I don't know, in California, you have to find the person not guilty of the first and then you can look at the second. Then that's the law in Arizona as well. Before you even get to the second lesser included charge, which here was the second-degree reckless, you first have to either acquit or make, be unable to make a decision regarding the felony. Well, was he precluded from making an argument of second-degree murder based on what occurred in this trial? Absolutely not. His whole argument was essentially on that basis, which was my intent in entering the home was to pick up this bail of sconder. If the jury believed that, they would necessarily reject the burglary felony predicate for first-degree felony murder because he didn't have the requisite intent to enter the home under the burglary statute. Then it would shift to the second degree. And the second-degree reckless charge, second-degree murder reckless charge, he was able to argue that he was acting as a reasonable bail enforcement agent. So then the statute on if you're a bail person going in and making this kind of entry, does that, would that entitle someone to, it could be an excusable homicide, is that what? What defendant argued was the entrance into the home was a reasonable entrance into the home as a bail enforcement agent. What happened subsequently with inside the home in which he entered the bedroom where the two victims, the two murder victims were present, defendant was able to argue that they essentially shot first, he reacted, and was acting in self-defense. So his defense was twofold. So the trial court's instruction that under Arizona law he didn't have the right to enter a third person's home, it really is borderline irrelevant because the issue wasn't whether or not he had a legal right to enter the home. The issue was what was his belief when, what was his intent in going into the home? And I think that that's an important distinction to make. But... So if they believed his intent was to get someone on bail, you know, to get Alcantara or whatever, then they could have still found him not guilty if they believed that the other parties started the... That was essentially his defense, is if the jury would have believed the defendant, which they were entitled to do, they could have found, based on the evidence, that he had no intent to go into the home as a burglary. So and that could put him eligible for second degree. But then also if they believed the other parties started the fight in the home, he could be found not guilty? Correct. Correct. A burglary conviction would show that they didn't believe that? I believe so. Absolutely. Their verdicts represent the fact that they wholeheartedly rejected his... Now, what he wanted was for the jury to be able to find that he had a right to enter the home? Is that essentially what we're... No, no. I don't think he necessarily wanted... That may be what he is trying to argue now. Yeah. But at trial, what he didn't necessarily need... It wasn't a need for the jury to find that he had a legal right to enter the home. The jury just needed to find that... But what he's arguing to us is that he was entitled to have the jury instructed that it could find that he had a right to enter the home. That's correct. And that argument should be rejected for two reasons. One, the Arizona courts found that there was no evidence to support such an instruction. And two, it wasn't really necessary to his defense. His defense was, I had no intent to enter this home as a burglary. Had the jury been instructed he had the right to do it or not, ultimately really is not determinative to their verdicts, their determination. Because they would still have had to believe him that he was going there to get a bail of squander and there was contrary evidence from Tim's, was it? That's correct. That said, we said we were going to... That was our cover story, but really we were going to get the dope or whatever. Correct. Tim's was the state's primary witness, and he was actually with the defendant during this incident and essentially testified that this entry into the home was, in fact, an intent to steal drugs and money. And the warrant on this Alcantar fellow was essentially a ruse to present, should the police become involved, they would present this warrant to say that they, which is essentially what the defendant's defense was at trial. We were attempting to... They were planning to go do a rip-off and then it went bad. That would have been the best case. I mean, and the prosecution wasn't arguing that they planned to just go kill him, like as an execution. The prosecution theory was that it was a drug rip-off gone bad. That's correct. There was no allegation that this was a premeditated action in any way. It was the premeditated, as far as the murder, the premeditated action was going into this house to steal drugs and money when they entered the home. It was a felony murder theory as opposed to a straight-up premeditated murder theory. That's correct, Your Honor. And I just wanted to touch a little bit also on a separate issue, something I believe Judge Schroeder noted. Petitioners' complaints that the State, there was insufficient portions of the State court record in front of the district court. It's important to note that Rule 5, governing the Federal rules of 2254 cases, in no way requires the entire State court record to be in front of the district court to make a determination. In fact, as I've experienced, to provide the entire State court record to the district court in circumstances such as these, in which it was a six-week trial, would be borderline burdensome to the court and slow down the entire process. The important thing is the relevant portions of the record are before the district court, and here they were. Defendant had an opportunity in the district court, after the State filed its answer, to file it, he had any opportunity to file anything he wanted with the district court, and if he didn't have the ability to do so himself, could have easily filed a motion with the court, identified the portions of the record that were not before the court that he felt were relevant, and requested that the court issue an order directly. Well, I was questioning appellant's counsel on is the issue that the COA was issued for, was it that the district court just didn't read anything, and now it's not really in contention here that the district court read what was there, it's just that the district court should have done more? Is that different than the argument that was made before, or am I splitting hairs too much? I think it's essentially one and the same. And the way I'm viewing the COA order is via the context of Petitioner's objection to the R&R, in which he complained that the district court did not review, quote, unquote, the entire State court record. And I think it's important to point out that even now Petitioner has failed to identify any portions of the record, any relevant portions of the record that were not before the district court making its determination. Certainly, there are numerous transcripts available, but none of them are necessarily relevant to the district court's determination. And I would point to this Court's decision in Duber, I.F.E. Smith, 224F3995, in which this Court held that the district court is entitled to rely on State courts' factual findings, and they're presumed to be correct. And that includes State trial court and State appellate court and State PCR courts. The district court can look to those factual findings and presume those to be correct. This doesn't leave the Petitioner without a remedy. 2254 allows Petitioner then to say, Federal court, the State court made these factual findings, they're incorrect for these reasons, and then cite the portions of the record that will establish by clear and convincing evidence that the factual findings were incorrect. And no such showing has been made in this case. In fact, there has been no citation of anything in the State court record that would have affected at all the district court's determination on these issues. I'd like to then talk to the ---- Could you talk for a minute about the shock belt? Your Honor, that actually was an uncertified issue. Yeah. I didn't brief it. I know. So I'm not prepared to argue it. Okay. I apologize to this Court. I wasn't prepared to address that issue. Okay. It did come up in argument. It did. It did. And unfortunately, I didn't prepare for that issue. Well, did they raise it in their brief? He raised it in his brief as an uncertified issue. Well, you probably should in the future think about that someone might want to talk to you about it. We didn't address it in our brief. Well, but, you know, but by the same token that I think you could be on fair notice that we might want to talk to you about it. Understandable. And I apologize, Your Honor. The next topic I'd like to address is the Petitioner's argument regarding the expert testimony regarding the police tactics. First, it was discussed in the merits, and this Court doesn't even get to the merits because, as was stated before, the Supreme Court has never clearly held. Actually, first, it's a state court application of a state law, state rule of evidence, which — I mean, essentially, it's an evidentiary ruling that says what the police do isn't relevant to what bail bondsmen do, but even more so, it's not relevant to what was going on with you. That's correct, Your Honor. So you're just saying that's not federal habeas? The Supreme Court has never — pardon me while I find my citation — has never squarely addressed whether or not a state application of a state rule of evidence violates a complete defense or violates due process. Mr. Pellant's lawyer was saying, though, if I understood him correctly, that we don't know why the state court ruled that way. The state court's ruling is described in the Arizona Court of Appeals memorandum decision on direct appeal in which it found that the trial court found that the testimony would be irrelevant. That, in and of itself, defines why the trial court ruled the way it did. It simply — there is no relevance, there's no connection to how a bail enforcement agent enacts his profession as opposed to the way a police officer acts. The defendant's defense at trial was not, I was acting as a reasonable police officer would. His defense was, I was acting as a reasonable bail enforcement would. The two are apples and oranges. They're held at different standards. There's really no relevancy between the two. And that finding by the state court is entitled to deference by this court. And to get back to 3892, I would again argue that although it's couched as an ineffective assistance of counsel claim, this Court not even need reach the IEC portion of it because of the state court's factual finding that defendant was not entitled to this instruction. Granted, it is a mixed question, as Petitioner has noted, a mixed question of law and fact. But even under that standard, the state court's factual findings are entitled to deference and Petitioner bears the burden of coming forth and demonstrating evidence that overcomes that presumption by clearing convincing evidence. And Petitioner has failed to do so in this case. If there's no more further questions. There do not appear to be.  Thank you, Your Honors. And again, I apologize. Thank you, Judge. Mr. Simon continues to conflate 2254E1 and this Court's duty under 2254D2. The Court must examine the state court facts if a challenge is made to their reasonableness to determine whether they are fairly supported by the evidence in the record. The only statement that we know is that Judge Martin said police procedures are not relevant to bail enforcement procedures when entering a high-risk fortified house to arrest gangsters high on methamphetamine. To me, that is counterintuitive. In fact, Mr. Sanders argued, if I was conforming to the standard of SWAT team members, then clearly I satisfied a lesser standard of what bail enforcement agencies do. Well, did he have a search warrant? That's not what I'm getting at. It's not the underlying factual basis. It's the technique used once they decided to break down the door and use serious force. I don't understand what the mistake was as a matter of Federal law. I just don't get it. Well, all the law on right to present a complete defense is based upon State evidentiary rules that are applied in such a way that a defendant's core right to cross-examine witnesses against him and produce witnesses in his own defense under the compulsory process clause is crippled. In this case, the evidentiary rulings were done to do precisely that. He couldn't cross-examine Officers Massonnier and Wood on police techniques. He could not introduce the testimony of his own expert. He could not get the testimony of Mr. Brackney, who would have supplied the court with Brackney's and Sanders'---- Okay. So the State court was wrong in saying it was irrelevant. All of the evidentiary rulings that resulted in all of that evidence being kept out of the case fall squarely in the core of right to present a complete defense because they were all deprivation of right to cross-examine witnesses against him and they were deprivations of the right to present witnesses in his own defense. Okay. Then you have, I'm sorry, Judge, then you have an instruction because of ineffective assistance of counsel that tells the jury, ob initio, he's in the house illegally, the case is over. The case is over. Can I ask you just one question? Of course you can, Judge. But did you raise the shock belt issue in the State court? Oh, yes. It was litigated. Where was that raised in the State court? It was litigated, and in fact, Judge, I believe the transcript of the evidentiary hearing on it may be in the record. Well, but I'm not going to. Now, the clearly established Federal law on the issue is the State has the burden of demonstrating a pattern in the proceedings. But they, did you raise it on direct appeal? Yes. That's what. No, no, no. It was raised as a second petition for post-conviction. Okay. And it was found to be procedurally defaulted because it could have been raised on direct appeal. Correct. And I argue that the procedure, the invocation of the procedural default is inadequate because the judge who found it to be inadequate said in the alternative that it was either litigated or waived. I believe that's true. And under controlling circuit precedent, that is not an adequate procedural bar, and so it's properly before the Court. Mr. Phelan. Yes, sir. What do you think the State trial court thought the defendant's theory of the case was? Well, charitably, I believe that he understood what Mr. Sanders was trying to purvey to the jury, and that is that it was a legitimate bail enforcement operation that went horribly wrong. He entered a bedroom. He was shot at first. The judge found that he was shot at first. He returned massive fire, and he killed these people. But because it was a felony murder, he was death eligible. I want to get back to one thing. In footnote 7 of Mr. Sanders' case. Did that answer your question? I'm sorry, Judge. Did that answer your question? I don't believe that his or your brother's indication was that the theory of the case was that he reasonably, or that he did not have the intent to commit burglary. Absolutely not. That's correct. That he assumed that he had the right to enter the house, I presume. Correct. He believed he was operating under color of law, as provided. His assumption is different than whether he actually, as a matter of law, had the right, right? Yes, but that's based on the facts. If Mr. Sanders were able to provide to the court a raft of indicia of his reasonable belief, you know, for instance, that he had seen the guy, that he had paperwork, that they called the police before making the raid, that is the most telling piece of evidence. Why would these five thugs call, and the two police officers themselves testified to this, why would they call the police to tell them they're about to break into this house if they had no good faith belief that they thought they were doing it properly? They presented that to the jury, did they not? Pardon? They presented that to the jury. I can't tell. And that gets to my remit. No, no, no, no. Did the jury know that they had called the police officers? Did someone testify to that? The police officers themselves testified to that. I would like to argue that all of this added up to the review that they assumed. That's correct, because the police officers testified to that. Okay. We're almost five minutes over, so I want to find out if my colleagues have any additional questions, and then if they don't, I'm going to ask you to wrap it up. Okay. Fine. Yes, I'd like to wrap it up. All right. Just wrap it up. My remit is limited. I'm appointed by CJA to review the habeas record, and I did. I don't view what I've been charged to do as to ferret out the State court record and make a critical examination for purposes of trying to meet the 2254E1 standard. The second thing I want to suggest is Mr. Simon himself has suggested that a proper remedy at this stage of the proceedings, in his footnote 7, is to remand this case to the district court for a proper examination of the record so that this court can apply the AEDPA properly. That's all I have. Thank you very much for your courtesy. All right. Thank you. Thank you both for your arguments. This matter will stand submitted. This Court will be in recess until tomorrow morning at 9 a.m. Thank you. All rise. This Court for this session.
judges: Schroeder, Ripple, Callahan